The document below is hereby signed.

Signed: March 21, 2018



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DOUGLAS GEORGE JEFFERIES, | ) | Case No. 18-00099 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

<u>MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION</u>

The court dismissed this case based on failure of the debtor to comply with the prepetition credit counseling requirement of 11 U.S.C. § 109(h)(1). The *Debtor's Emergency Motion for Reconsideration* seeks to have the court vacate the dismissal order by requesting, under 11 U.S.C. § 109(h)(3)(A), that the debtor be permitted to file a certificate of having obtained credit counseling on March 10, 2018, twenty-three days after the commencement of the case, in lieu of filing a certificate of prepetition credit counseling.

The debtor contends that his attention deficit disorder could be deemed to fall within the term "exigent circumstances" under 11 U.S.C. § 109(h)(3)(A)(i). "The word 'exigent' refers to something that is 'urgent' or that requires 'immediate action or

aid.'" *In re Catoe-Emerson*, 2009 WL 47330 *1 (Bankr. D.D.C. 2009). *See also In re Tam*, No. 10-40825, 2010 WL 3946520 *1-2 (Bankr. N.D. Ind. Sept. 9, 2010). The debtor's attention deficit disorder may explain why he did not obtain prepetition credit counseling, but it was not itself an exigent circumstance requiring urgent or immediate action, and does not explain why the debtor needed to file bankruptcy when he did. Accordingly, the debtor's attention deficit disorder was not an exigent circumstance within the meaning of § 109(h)(3)(A)(i). *See In re Fortman*, 456 B.R. 370, 373-74 (Bankr. N.D. Ind. 2011) (a debtor's inability to pay for credit counseling does not show he had a need to file for bankruptcy when he did); *In re Wallace*, 338 B.R. 399, 401 (Bankr. E.D. Ark. 2006) (ignorance of the credit counseling requirement is not an exigent circumstance).

Even if the debtor were to file a certification under § 109(h)(3)(A) showing an exigent circumstance for filing the petition commencing the bankruptcy case without having obtained prepetition credit counseling, that is not enough to obtain a temporary exemption under § 109(h)(3)(A), as the debtor must additionally state in any certification under § 109(h)(3)(A) that:

> the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request[.]

11 U.S.C. § 109(h)(3)(A)(ii). No such certification has been filed. The failure to file a certification under § 109(h)(3)(A)(ii) requires denial of any request for an exemption under § 109(h)(3)(A) even if the filing of the case was precipitated by some exigent circumstance. *Taal v. Sumski (In re Taal)*, 504 B.R. 682, 686 (B.A.P 1st Cir. 2014); *In re Borges*, 440 B.R. 551, 562 (Bankr. D.N.M. 2010).

The debtor argues that his disability makes him a "qualified individual with disability" under the Americans with Disabilities Act and that the court is thus required to provide him with "reasonable accommodation," that is, "reasonable modifications to rules, policies, or practices," including in judicial proceedings, citing 42 U.S.C. §§ 12102, 12131, 12132, and 12133, and *Paulone v. City of Frederick*, 787 F. Supp. 2d (D. Md. 2011). Accordingly, he argues, "reasonable accommodation" requires the court to grant the debtor enough leeway to allow this case to proceed, particularly in light of the lack of harm to any other party in the case. However, the Americans with Disabilities Act does not authorize a court to modify statutory requirements such as those contained in 11 U.S.C. § 109(h).

The debtor's invocation of Fed. R. Bankr. P. 9006(b) (dealing with enlargement of the time for performing an act set by applicable rules, or by a notice or order of the court) similarly fails. Rule 9006(b) may not be used to alter a

statutory requirement, *see In re Tubular Tech., LLC*, 348 B.R. 699, 710-11 (Bankr. D.S.C. 2006), and this applies to the requirement of § 109(h)(1) that the debtor have obtained credit counseling prepetition.

 It is thus

 ORDERED that the *Debtor's Emergency Motion for Reconsideration* (Dkt. No. 42) is DENIED.

              [Signed and dated above.]

Copies to: All entities on the BNC mailing list.